IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

PATRICK D. THOMAS,

Defendant.                                                    No. 08-30059-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

### I. Introduction

Now before the Court is the Government's motion to quash subpoena (Doc. 32). Specifically, the Government moves to quash Defendant's subpoena issued to the Illinois State Police Legal Office requesting records of the training of Officer Joel Bromaghim and canine Paco. Defendant opposes the motion to quash (Doc. 33). Based on the following, the Court **DENIES** the motion to quash.

### II. Analysis

**FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)**. **Rule 17(c)** provides:

> A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they

> are offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

"A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise." ***United States v. Nixon*, 418 U.S. 683, 698 (1974)**. The subpoena is a directive of the Court, and not a private discovery request, any records or objects obtained by either side as a result must be made available. ***Nixon*, 418 U.S. at 698-99 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951))**. For production prior to trial, the moving party must demonstrate: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended to as a general 'fishing expedition.'" ***Nixon*, 418 U.S. at 699-700; see also *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002)("the documents must be essential to prepare for trial")**.

These four factors indicate that Rule 17(c) is not intended to serve as a means of discovery in criminal cases, but rather functions "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." ***Bowman Dairy Co.*, 341 U.S. at 220**. Thus, Rule 17(c) only allows for the production of documents that "a defendant knows to contain relevant evidence to an

admissible issue at trial." ***Tokash*, 282 F.3d at 971 (citing, inter alia, *Nixon*, 418 U.S. at 700)**. Mere speculation and conclusory allegations, devoid of support, are insufficient to justify a request under Rule 17(c). Criminal defendants cannot use Rule 17(c) "to blindly comb through government records in a futile effort to find a defense to a criminal charge." ***Tokash*, 282 F.3d at 971**.

The Government argues that compliance of the subpoena in this case would be unreasonable. Also, the Government argues that the training records of Officer Bromaghin and Paco prior to certification are irrelevant as the discovery already provided shows that Paco has performed reliably after being certified, having alerted falsely only one time in almost two years. Defendant maintains that it is incumbent to ascertain the unreliability of the canine officer and that Defendant's expert needs these documents to determine if Paco is "a well-trained narcotics-detection dog." Further, Defendant contends that the training records are relevant as they pertain to Paco's training to alert on non-contraband items and as they pertain to the procedure that was to be used by Officer Bromaghin in giving commands to Paco.

Here, the Court finds that under the circumstances in this case the subpoena is proper. The information that Defendant seeks, the exact nature of the training, is not available to him without these records. The requirement to give the police canine a command regarding whether to hit on contraband or non-contraband items is the information that Defendant needs to determine if Paco is "a well-trained

narcotics-detection dog." Thus, the Court finds that this information is necessary so that Defendant can develop the theory of whether the police canine was given the proper command on the occasion in question.

### III. Conclusion

Accordingly, the Court **DENIES** the Government's motion to quash (Doc. 32). The Court **REMINDS** the parties that this case is set for trial January 5, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 22nd day of October 2008.

/s/     David R Herndon

**Chief Judge**
**United States District Court**