IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

PATRICK D. THOMAS,

Defendant.                                              No. 08-30059-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

### I. Introduction and Background

Now before the Court is Thomas' December 17, 2008 motion for leave to file the Defendant's motion to suppress evidence and memorandum of law beyond the deadline for pretrial motions (Doc. 38). Based on the following, the Court denies the motion for leave.

On April 7, 2008, Thomas was arraigned and given 21 days to file motions (Doc. 14).[1] That date passed without *any* filings with the exception of a motion to withdraw as attorney for Thomas by the Assistant Public Defender Todd Schultz (Doc. 20) as counsel, Theodore Barylske entered his appearance for Thomas on April 24, 2008 (Doc. 19).

---

[1] At the arraignment, Thomas was represented by Assistant Federal Public Defender Jared P. Martin who was substituting for Assistant Federal Public Defender Melissa A. Day. Thereafter, on April 8, 2008, Assistant Federal Public Defender Todd Schultz entered his appearance on behalf of Thomas (Doc. 16).

On May 6, 2008, Thomas filed a motion to continue the May 27, 2008 trial date (Doc. 22). The next day, the Court granted the motion to continue and continued this matter to August 11, 2008 (Doc. 23). On June 2, 2008, Thomas filed a motion to supplement discovery (Doc. 24) which the Court denied at the time on June 13, 2008 (Doc. 27). On July 28, 2008, Thomas filed another motion to continue (Doc. 28) which the Court granted and continued the trial to October 20, 2008 (Doc. 29). Thereafter, Thomas filed yet another motion to continue trial on September 30, 2008 (Doc. 30) and the Court again granted the motion and continued the trial to its present trial setting of January 5, 2009 (Doc. 31). On October 22, 2008, the Court denied the Government's motion to quash subpoena (Doc. 34).

On December 14, 2008, Thomas, without leave of Court, filed a motion to suppress evidence, over 7 months late of the motion deadline (Doc. 35). Two days later, Thomas filed a motion to continue trial in light of the filing of his suppression motion (Doc. 26). On December 17, 2008, the Court struck Thomas' motion as untimely and denied as moot his motion to continue trial (Doc. 37). That same day, Thomas filed a motion for extension of time to file the Defendant's suppress evidence (Doc. 38); motion to suppress evidence (Doc. 39) and another motion for continuance of trial in light of the filing of the motion to suppress (Doc. 41).

## II. Analysis

**Federal Rule of Criminal Procedure 12(b)(3)(C)** requires that motions to suppress evidence be filed before trial. **Rule 12(c)** allows the Court to set a

deadline for the parties to file pretrial motions, including motions to suppress, and permits the Court to set a motion hearing. Under **Rule 12(e)**, however, "A party 'waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court sets.' Fed.R.Civ.P. 12(e). However, the district court may, for good cause, the court may 'grant relief from the waiver.'" ***See United States v. Salahuddin*, 509 F.3d 858, 860 (7th Cir. 2007)(quoting *United States Mancillas*, 183 F.3d 682, 703 (7th Cir. 1999))**.

Here, the Court set a deadline for pre-trial motions under Rule 12(c), and the defendant failed to meet that deadline. He has thereby waived any Rule 12(b)(3) defenses or objections, unless the Court permits such filing upon a showing of good cause. No such showing has been made in the pending motion to suppress evidence. The Defendant discusses matters that he claims to have been pursuing diligently. However, the only discovery he refers to in his motion is that which was provided to him in September. Even though untimely at that point, the Defendant could have sought leave to file his motion to suppress at that time explaining that the government hampered his efforts by not providing discovery in a timely manner. However, to wait until the middle of December when there is a January 5th trial date, following three prior trial continuances places the Court in a difficult position. The Court is a steward of the Speedy Trial Act for the public and the Defendant. Too many times the Court has heard successive counsel complain about continuances granted to prior counsel that, it is argued, were imprudent and illegal under the act

for expeditious trials to the woeful and dreadful harm of the Defendant who was caused to miss his lawful opportunity for a timely trial. Further delay is not warranted absent a showing of good cause, and no such showing has been attempted here.

### III. Conclusion

Accordingly, the Court **DENIES** Thomas' motion for leave to file the Defendant's motion to suppress beyond the deadline for pretrial motions (Doc. 38). Further, the Court **STRIKES** Thomas' motion to suppress (Doc. 39) and **DENIES as moot** Thomas' motion for continuance of trial (Doc. 41). Jury trial remains set for January 5, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 18th day of December, 2008.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**