IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**PATRICK D. THOMAS,**

**Defendant.**                                                  **No. 08-30059-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

Pending before the Court is Thomas' motion for reconsider the Court's Order of December 18, 2008 denying the Defendant's motion for leave to file Defendant's motion to suppress evidence and memorandum of law beyond the deadline for pretrial motions (Doc. 44). Based on the following, the Court **DENIES** the motion.

Here, Thomas moves the Court to reconsider its December 18, 2008 Order denying him leave to file a motion to suppress beyond the deadline for pretrial motions arguing that: "[t]he situation we have is the Courtroom Deputy sending an Email suggesting to defense counsel that he file a motion to continue to assist the

Court's schedule and the Court using the request for continuance as a basis to deny a remedy to the Defendant, a situation that is fundamentally unfair to the Defendant." (Doc. 44, p. 3). As the record reflects, Thomas' theory of the "situation" clearly is wrong. The Court denied leave to file the motion as the motion was untimely and he has not shown good cause to warrant filing of the late motion. As stated in the December 18, 2008 Order, Thomas' first motion to suppress (which was stricken as untimely on December 17, 2008 (Doc. 37)) and motion for leave to file Defendant's motion to suppress evidence and memorandum of law beyond the deadline for pretrial motions were over seven months late and failed to show good cause for the late filing (Doc. 43). Further, the Order states that:

> "The Defendant discusses matters he claimed to have been pursuing diligently. However, the only discovery he refers to in his motion is that which was provided to him in September. Even though untimely at that point, the Defendant could have sought leave to file his motion to suppress at that time explaining that the government hampered his efforts by not providing discovery in a timely manner. However, to wait until the middle of December when there is a January 5th trial date, following three prior trial continuances places the Court in a difficult position."

(Doc. 43, p.3). To suggest/argue that the Court denied Thomas' motion for leave based on anything other then the untimeliness of the motion and the failure to show good cause is a misrepresentation of the Court's Order.

The Courtroom Deputy Clerk handles the Court's calendar and responds to inquiries about the schedule. She does not make a determination about how counsel practice law. To suggest that the filing of a motion to suppress (albeit

in an untimely fashion) is in response to a Courtroom Deputy's attempt to free up the Court's calendar, demonstrates, first and foremost, that the motion is frivolous and, secondly, demonstrates that the tactic of a continuance is based on the Court's perceived need. The Court does not need one. The Court makes its rulings based on the rule of law and the orderly running of the docket to which he is assigned.

Accordingly, the Court **DENIES** Thomas' motion to reconsider the Court's Order of December 18, 2008 denying the Defendant's motion for leave to file the Defendant's motion to suppress evidence and memorandum of law beyond the deadline for pretrial motions. This case remains set for jury trial on January 5, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2008.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**