IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PATRICK THOMAS,

Defendant.                                                     No. 08-CR-30059-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On April 3, 2009, the Court sentenced Thomas to 262 months imprisonment with credit for 16 months served on a related state case 07-CV-132 (Doc. 629) and the Clerk of the Court entered Judgment reflecting the same (Doc. 65). On June 14, 2013, Thomas filed a motion to for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 750 (Doc. 68). The Court appointed counsel to represent Thomas on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 73). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Thomas up to and including September 9, 2013 to respond to the motion to withdraw (Doc. 74). As of this date, he has not responded to the motion.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Thomas *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine. Thomas was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, career offender. Thus, defendant's

guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 73) and **DISMISSES for lack of jurisdiction** defendant's motion for a sentence reduction (Doc. 68).

**IT IS SO ORDERED.**

Signed this 11th day of September, 2013.

David R. Herndon
2013.09.11
13:56:35 -05'00'

**Chief Judge**
**United States District Court**