IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PATRICK THOMAS,

Defendant.                                                   No. 08-CR-30059-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On April 3, 2009, the Court sentenced Thomas to 262 months imprisonment with credit for 16 months served on a related state case 07-CV-132 (Doc. 629) and the Clerk of the Court entered Judgment reflecting the same (Doc. 65). On August 3, 2015, Thomas filed a motion to for sentence modification pursuant U.S.S.G. Amendment 782 (Doc. 76). The Court appointed counsel to represent Thomas on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel on April 14, 2016 moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to Amendment 782 (Doc. 80). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Thomas to respond; which he did on May 16, 2016 (Doc. 82). After reviewing the response, the Court stayed the matter and construed his response as a new civil case pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) (Doc. 83). The new Section 2255 case was opened on May 17, 2016.

*Thomas v. United* States, 16-0553-DRH. On May 11, 2016, the Court, pursuant to Thomas' request to voluntarily dismiss, dismissed the case and closed the file. *Id*. at Doc. 14. In light of the dismissal of Thomas' Section 2255 case, the Court in this matter again directed Thomas to respond to the motion to withdraw (Doc. 85). Thomas did file a response on June 23, 2017 (Doc. 86).

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The Court finds that Thomas *is* not entitled to a reduction of his sentence as Amendment 782 is not applicable to his case. Amendment 782 provides a two level reduction to defendants who were sentenced based on drug quantities; it does not provide a reduction for defendants who were sentenced under a different guideline. Thomas was sentenced as a "career offender" under United States

Sentencing Guidelines Section 4B1.1. The sentencing Commission did not lower the applicable guideline sentencing range in Thomas' case.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc.80) and **DENIUS** defendant's motion for a sentence reduction (Doc. 76).

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.23 14:32:08 -05'00'

**United States District Judge**