IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>PATRICK D. THOMAS,<br><br>  Defendant. | Case No. 3:08-CR-30059-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Early Termination of Supervised Release filed *pro se* by Defendant Patrick D. Thomas. (Doc. 100). Thomas seeks early termination of his six-year period of supervised release after serving almost half of the term. (*See* Docs. 93; 100; 105). The Government takes no position as to the motion, as it "defers to the Court" and, along with the Probation Office, "does not support the motion but does not object." (Doc. 105).

Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Here, Thomas has served more than one year of his term of supervised release, which began in July 2021. (Doc. 105). He was originally sentenced to a 246-month term of

imprisonment and eight years of supervised release for possession with intent to distribute cocaine base. (Doc. 65). Under the First Step Act § 404, Thomas's sentence was reduced to 172 months' imprisonment followed by six years of supervised release. (Doc. 93).

To support his motion, Thomas reports that he has reintegrated successfully into his community and has become a valued worker, family member, and citizen. (Doc. 100). He characterizes his efforts as progressive strides toward supervision objectives while remaining compliant with all conditions of release. (*Id.*). Thomas highlights that his criminal history lacks violence like sexual assault, predatory behavior, or domestic violence. (*Id.*). Moreover, Thomas emphasizes his lack of recent arrest, criminal conduct, drug or alcohol use, or psychiatric episodes. (*Id.*). Thomas asserts that early termination of his supervised release would enable him to better support his family and allow him to travel with his company. (*Id.*). Thomas's probation officer confirmed his compliance during supervision, including his negative drug tests.

Confusingly, the Government does not oppose or support early termination of Thomas's term of supervised release. (Doc. 105). The Government only notes that the Probation Office does not support Thomas's motion due to his status as a "career criminal," but provides no other argument or rationale as to that point. (*Id.*).

Despite the Government's position (or lack thereof), after considering Thomas's motion and the 18 U.S.C. § 3553(a) factors, the Court finds that early termination of Thomas's supervised release is warranted by his conduct and in the interest of justice. While Thomas's criminal history is extensive, his prison sentence accounted for his criminal history along with the seriousness of his most recent criminal conduct and afforded adequate deterrence from future criminal conduct. Thomas has also served nearly half his term of supervised release

and has demonstrated strong compliance.

Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Patrick D. Thomas (Doc. 100) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

**DATED:   June 25, 2024**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**